# IN THE COURT OF APPEALS OF IOWA

No. 15-1989
Filed September 28, 2016

IN RE THE MARRIAGE OF MEGAN MARIE LANTZ
AND JARED JAMES LANTZ

Upon the Petition of
MEGAN MARIE LANTZ,
n/k/a MEGAN MARIE DANLEY,
        Petitioner-Appellee,

And Concerning
JARED JAMES LANTZ,
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Jasper County, Terry R. Rickers,

Judge.


        Jared James Lantz appeals the administrative modification of his child-

support obligation for the parties' minor children. **AFFIRMED.**


        Samantha J. Gronewald of Sullivan & Ward, P.C., West Des Moines, for

appellant.

        Thomas J. Miller, Attorney General, and Wayne J. Bergman, Christina F.

Hansen, and Shannon L. Wallace, Assistant Attorneys General, Child Support

Recovery Unit, for appellee State.


        Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

Jared James Lantz appeals the administrative modification of his child-support obligation for the parties' minor children. We affirm.

## I. Background Facts and Proceedings

Jared and Megan were divorced in August 2009. Megan was granted physical care of their minor children, and Jared was ordered to pay $435 per month in child support and $53.30 per month in medical support. On July 30, 2014, Megan sought a modification of Jared's child-support obligation. On September 8, the Child Support Recovery Unit (CSRU) issued a notice of intent to review and adjust the child-support obligation. Jared acknowledged receipt of this notice the following day and executed a waiver of personal service. Jared also provided a financial statement to the CSRU, in which he indicated he was unemployed and without income. On September 10, Megan executed a financial statement to the CSRU in which she indicated she was married, unemployed, and without income.

On October 1, 2015, the CSRU mailed Jared a notice of its decision to review and adjust his child-support obligation and informed him he had fifteen days to send a written challenge or ask for a court hearing. Jared claims he did not receive the notice until October 17 and then sent a letter on October 22 contesting the adjustment. He also claims he called the CSRU on October 21 and 22 regarding the notice, but did not receive a call in return. On October 19, the CSRU worker assigned to Jared's modification attempted to call Jared, but the number Jared had provided had been disconnected. Jared later explained to the court he had changed his number but failed to inform anyone of that change.

On October 23, the district court entered its order approving the administrative modification of Jared's child-support obligation. On October 26, Jared filed a letter claiming he did not receive notice and asking the court to set aside the October 23 order. The State resisted Jared's request. A hearing was held on the matter on November 3, 2015, at which time Jared testified about his current employment and income. The district court entered an order denying Jared's request on November 17. Jared appeals.

## II.    Standard and Scope of Review

District courts are vested with broad discretion in ruling on a motion to set aside default judgment. *Brandenburg v. Feterl Mfg. Co.*, 603 N.W.2d 580, 584 (Iowa 1999). Thus, we reverse those rulings only when that discretion has been abused. *Id.* "Generally, we find such an abuse only when there is a lack of substantial evidence to support the district court's ruling." *Id.* (citation omitted). "We are bound by the district court's findings of fact if supported by substantial evidence, and we view the evidence in the light most favorable to the district court's ruling." *Id.* (citation omitted). However, we resolve all doubts in favor of setting aside a default judgment, as we prefer "to allow a determination of controversies on their merits rather than on the basis of nonprejudicial inadvertence or mistake." *Id.* (citation omitted).

## III.    Analysis

### A.    Default Judgment

A default motion may be set aside "for good cause shown . . . for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty." Iowa R. Civ. P. 1.977. The burden rests with Jared to prove good cause to set aside the

default judgment. *See Brandenburg*, 603 N.W.2d at 584. "A determination of whether a movant has established good cause is not a finding of fact; rather, it is a legal conclusion, which is not binding [on appeal]." *Id.*

On appeal, Jared appears to rely upon the ground of excusable neglect. We consider the following four factors when determining whether excusable neglect constitutes good cause to set aside default judgment:

> First, did the defaulting party actually intend to defend? Whether the party moved promptly to set aside the default is significant on this point. Second, does the defaulting party assert a claim or defense in good faith? Third, did the defaulting party willfully ignore or defy the rules of procedure or was the default simply the result of a mistake? Last, whether relief is warranted should not depend on who made the mistake.

*Id.* (quoting *Cent. Nat'l Ins. Co. v. Ins. Co. of N. Am.*, 513 N.W.2d 750, 756 (Iowa 1994)).

At the hearing, the district court noted Jared consented in writing to the jurisdiction of the court and to receipt of all papers by mail. There was no requirement that anything be sent to Jared by certified mail. In denying Jared's request, the district court reasoned as follows:

> There's no clear-cut explanation—that allows the Court to reach a conclusion as to how or why the notice that was mailed on October 1st as certified by the [CSRU] didn't get to [Jared] until the 17th. As [the State] noted in [its] statement to the Court, in order to set aside a judgment that's already been entered by the Court, a burden is placed on the person seeking to set aside the judgment to show that there was some unavoidable casualty or legal excuse that justifies overturning the judgment.
> However, the record indicates that there [we]re a couple opportunities that [Jared] could have had to prevent this judgment from being entered. Had, number one, he kept the [CSRU] advised of his new phone number since they did, in fact, try to call him before the judgment was entered and couldn't reach him because he changed his phone number and didn't bother to tell them.

Also, if he'd taken immediate action when he received the notice, he would have had a chance to stop the process before the order was entered on the 23rd of October. By waiting even that couple of days, it was his action that prejudiced his ability to try and stop that from happening. It was certainly no fault of the [CSRU] and obviously no fault of [Megan's]. So the Court doesn't find that [Jared] has proven a sufficient legal ground to overturn the judgment. The burden's on [Jared] to prove that, and I find that he's failed to prove that.

While Jared argues he clearly intended to defend his case, even assuming Jared did not receive the notice until October 17, as noted by the district court, Jared did not take prompt action after that date or even inform the CSRU of the telephone number where he could be reached. We cannot find the district court abused its discretion in denying Jared's request to set aside the default judgment.

**B.      Modification**

In his appeal, Jared also challenges the CSRU's calculation of his modified child-support obligation.[1] Our review is de novo. *See* Iowa R. App. P. 6.907.

At the hearing, Jared stated he was earning $15.57 per hour and working forty hours per week. He testified he "occasionally" worked overtime. Jared argued his support obligations should be set on his hourly base pay and not take into account his overtime and incentive pay because they are not guaranteed.

---

[1] Jared also appears to challenge the CSRU's calculation of Megan's income. He did not, however, raise this challenge before the district court, and we decline to consider it on appeal. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

Following the evidentiary hearing and the district court's denial of Jared's motion to set aside default judgment, the district court declined to modify the child-support amount, reasoning:

> [I]f the Court determined that the calculations were based on numbers that were clearly false or fictitious or erroneous, the Court still might have some inclination to somehow intervene in those calculations. But it appears that the calculations were based on actual earning numbers supplied to the State of Iowa by [Jared's] employer. Insomuch as it's based on actual income numbers averaged over the time of [Jared's] employment, that would fit within the calculations that are contemplated by the Iowa Supreme Court's child support guidelines.
> So since the guidelines have been followed, then there's no reason or motivation for the Court to overturn the calculations on that basis. The support was done per the guidelines, which is what the Court is supposed to do is abide by the guidelines.

"Overtime wages are not excluded as income." *In re Marriage of Kupferschmidt*, 705 N.W.2d 327, 333 (Iowa Ct. App. 2005). To the contrary, "[o]vertime wages are within the definition of gross income to be used in calculating net monthly income for child support purposes." *Id.* The only exception to this is "where overtime pay appears to be an anomaly or is uncertain or speculative." *Id.* Similarly, incentive pay is considered as part of a party's income. *See Markey v. Carney*, 705 N.W.2d 13, 19 (Iowa 2005) (including "overtime income, incentive pay, and bonuses as gross income"). While Jared states he "occasionally" works overtime and he was not "quite sure" what his incentive pay arrangement was, nothing in the record indicates these wages should have been excluded. *See id.* ("[O]nce evidence of extra income has been introduced . . . the burden is on the recipient of the income to establish that it should be excluded from gross income as uncertain and speculative.").

Further, where a party's income varies, "[i]t is unrealistic and unfair to fix child support obligations based solely on the most recent periodic income amounts." *Kupferschmidt*, 705 N.W.2d at 333 (citation omitted). Instead, as done by the State in this case, it is appropriate to calculate income by averaging the amounts made over a period of employment. *See id.* ("[I]t is reasonable for the district court to calculate the parent's income by averaging it over the term of the contract."); *see also Markey*, 705 N.W.2d at 19 ("If extra income is uncertain or speculative, or if it is an anomaly, it is excluded. If it is reasonably expected to be received, then it should be included in gross monthly income by averaging the extra income over a reasonable period of time so the amount included fairly reflects the amount that will be received." (citation omitted)).

Accordingly, we affirm the decision of the district court.[2]

**AFFIRMED.**

---

[2] Jared also claims he does not have a health benefit plan available at a reasonable cost. This claim was not raised before the district court and we decline to consider it on appeal. *See Meier*, 641 N.W.2d at 537.